# EXHIBIT E

## AFFIDAVIT OF GREG CRADDOCK

I, GREG CRADDOCK, affirm as follows:

1. I am over the age of 18, and I am a resident of the Commonwealth of Virginia. I am the Chief Executive Officer of Patriot Group International ("PGI"). I have reviewed the Complaint and Motion for Temporary Restraining Order that will be filed with this Court. As such, I have personal knowledge of the matters stated in this affidavit, and if called as a witness I would competently testify thereto.

2. PGI is a Veteran owned global mission support service provider with expeditionary capabilities.

3. PGI is headquartered in Warrenton, Virginia and employs 77 full-time employees in its Warrenton and Chantilly, Virginia offices.

4. In addition to its 77 full-time employees in its two Virginia offices, PGI also pays 122 contractors to support its mission.

5. PGI's contract with the United States Government ("USG") Client referenced in the Complaint and Motion for Temporary Restraining Order ("the Project") comprises approximately 70% of PGI's total revenue.

6. The loss of the Project would result in irreparable harm to PGI, by, among other things, forcing PGI to lay off or terminate a number of employees and contractors.

7. PGI derives significant economic value from the fact that its trade secrets and confidential information (including, but not limited to, proprietary training information and standards created for the Project, pricing information related to the Project, and pay rates for PGI employees and contractors working for PGI on the Project are not publically available and were only shared with Janus subject to the terms and

restrictions of the Master Subcontract Agreement ("MSA"). Keeping PGI's trade secrets secret is vital to PGI's success.

8. Both Lee Gibson and Kenny Masters are key PGI employees on the Project. The loss of either of those employees would cause serious, unquantifiable, and irreparable harm to PGI's work on the Project (and thus to PGI's reputation).

9. I have spoken to both Lee Gibson and Kenny Masters about their interactions with Randy Leonard, and, in particular, Leonard's efforts (on behalf of Janus) to obtain confidential PGI information and his/Janus' efforts to poach both Gibson Masters.

10. The pricing and pay information that Leonard requested from Gibson is extremely valuable in the government contracting industry.

11. The information about PGI's recruiting procedures that Leonard requested from Masters is extremely valuable in the government contracting industry.

12. The personal contact information that Leonard requested from Masters is extremely valuable in the government contracting industry.

13. In or about March, 2016, Leonard corresponded directly with PGI's Client, submitting a revised training plan and pricing proposals for the Project that would increase costs and make it harder for PGI to perform the Project. The PGI training plan is extremely specialized and was developed specifically for this Project. PGI's Business Manager was not notified prior to Janus sending these materials, nor did Janus receive authorization pursuant to the MSA to communicate directly with PGI's client. As a result of this unauthorized communication, PGI was obliged to adhere to the new training plan

and pricing proposals that Janus submitted, thus making the Project less profitable and harder for PGI to complete.

14. On or about March 29, 2016, Leonard corresponded directly with PGI's Client, materially altering the training calendar to be approved by the Client. Leonard did not receive authorization pursuant to the MSA to communicate directly with PGI's client. This unauthorized communication resulted in increased costs for PGI.

15. As a result of Janus' conduct, as outlined in the Complaint and Motion for Temporary Restraining Order, PGI's reputation with the USG Client has been damaged, and PGI has received negative performance reviews. This reputational damage will cause continued unquantifiable harm to PGI, as past performance is an important metric in obtaining future contracts.

I solemnly affirm under penalties of perjury under the laws of the United States of America that the foregoing Affidavit is true and correct.

Executed this 15th day of July 2016, at Warrenton, Virginia.

_____
GREG CRADDOCK